HOME LIFE INSURANCE COMPANY, Plaintiff, *v.* SAMUEL HOROWITZ
et al., Defendants.

Supreme Court, Special Term, Kings County, October 6, 1944.

*Tanner, Sillcocks & Friend* for plaintiff.

*Noah Feldman* for Samuel Horowitz and another, defendants.

C. A. JOHNSON, J.   Motion for an order fixing the fair market value of mortgaged premises.   The application is opposed by the defendant Ida Horowitz.

It appears that the summons and complaint in the action were served upon the defendant Samuel Horowitz who appeared by attorney.   Thereafter the same attorney served a notice of appearance on behalf of the defendant Ida Horowitz who is the wife of the defendant Samuel Horowitz.   Both notices of appearance demanded notice of all subsequent proceedings.   Concededly, no copy of the complaint was served upon the attorney for the defendants after he interposed the notice of appearance on behalf of the defendant Ida Horowitz; it is not denied, however, that he had in his possession a copy of the complaint served personally with the summons upon the defendant Samuel Horowitz.   Due notice of all proceedings was given to the attorney for the defendants and upon such notice a judgment of foreclosure and sale was entered and the premises were sold.   None of such proceedings were opposed.

Both counsel state that they have been unable to find any decision exactly in point.   Wait's New York Practice ([4th ed.], Vol. 3, p. 537) likewise evidences the absence of any authority upon the question: " If a copy of the complaint is served upon the attorneys [*sic*] for one defendant and he thereafter appears

for another defendant, he must answer for the second defendant within twenty days after such appearance, id. But query where the complaint was not served upon the attorney but served with the summons upon the first defendant and not served with the summons on the second defendant."

The pertinent sections of the Civil Practice Act are sections 257 and 263, which read as follows:

" § 257. *Service of complaint.* A copy of the complaint may be served with the summons. If a copy of the complaint is not delivered to a defendant at the time of the delivery of a copy of the summons to him, either within or without the state, his attorney, at any time within twenty days after the service of the summons is complete, may serve upon the plaintiff's attorney a written demand of a copy of the complaint, which must be served within twenty days thereafter. The demand may be incorporated into the notice of appearance. Where the same attorney appears for two or more defendants, only one copy of the complaint need be served upon him. If the plaintiff's attorney fails to serve a copy of the complaint the defendant may apply to the court for a dismissal of the complaint."

" § 263. *Time within which to answer or appear.* A defendant upon whom the plaintiff has served a copy of the complaint must serve a copy of his answer upon the plaintiff's attorney within twenty days thereafter. If after service of a copy of the complaint upon an attorney, he appears for another defendant, the latter must answer the complaint within twenty days after such appearance in the action. Except where an order of arrest can be granted only by the court, a defendant arrested before answer has twenty days after the arrest in which to answer the complaint."

In my opinion, the clear intent of these sections is to assure access by the attorney to a copy of the complaint. A copy of the complaint was unquestionably in the hands of the defendants' attorney in this case. He failed to make any motion or to raise any question whatever with respect to the omission of the plaintiff's attorneys to serve a second copy of the complaint upon him until the making of the instant application. The application is, therefore, granted and the matter will be referred to an official referee for determination of the value of the premises in question. Settle order on notice.